J-A11036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BERNARD J. TERRELL, | |
| Appellant | No. 236 EDA 2015 |

Appeal from the Judgment of Sentence January 12, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011246-2014

BEFORE:  SHOGAN, MUNDY, and FITZGERALD,[*] JJ.

DISSENTING MEMORANDUM BY SHOGAN, J.:          **FILED JULY 21, 2016**

Although the learned Majority presents a thoughtful analysis of Appellant's first issue, I am compelled to respectfully dissent with regard to its determination of Appellant's second issue addressing the admission of Appellant's statement without first establishing the *corpus delicti* of the crime.

The *corpus delicti* rule requires proof that a crime occurred, independent of self-incriminating statements made by an accused.  Our standard of review for a challenge to the *corpus delicti* rule is well settled.

> The *corpus delicti* rule is designed to guard against the "hasty and unguarded character which is often attached to confessions and admissions and the consequent danger of a conviction where

---

[*] Former Justice specially assigned to the Superior Court.

no crime has in fact been committed." The *corpus delicti* rule is a rule of evidence. Our standard of review on appeals challenging an evidentiary ruling of the trial court is limited to a determination of whether the trial court abused its discretion. The *corpus delicti* rule places the burden on the prosecution to establish that a crime has actually occurred before a confession or admission of the accused connecting him to the crime can be admitted. The *corpus delicti* is literally the body of the crime; it consists of proof that a loss or injury has occurred as a result of the criminal conduct of someone. The criminal responsibility of the accused for the loss or injury is not a component of the rule. The historical purpose of the rule is to prevent a conviction based solely upon a confession or admission, where in fact no crime has been committed. The *corpus delicti* may be established by circumstantial evidence. Establishing the *corpus delicti* in Pennsylvania is a two-step process. The first step concerns the trial judge's **admission** of the accused's statements and the second step concerns the fact finder's **consideration** of those statements. In order for the statement to be admitted, the Commonwealth must prove the *corpus delicti* by a preponderance of the evidence. In order for the statement to be considered by the fact finder, the Commonwealth must establish the *corpus delicti* beyond a reasonable doubt.

**Commonwealth v. Hernandez**, 39 A.3d at 410-411 (emphasis in original)

(quoting **Commonwealth v. Young**, 904 A.2d 947, 956 (Pa. Super. 2006)).

With this standard in mind, we must determine the *corpus delicti* of the crime charged, *i.e.*, carrying a firearm on public streets or property in Philadelphia in violation of the Pennsylvania Uniform Firearms Act ("PUFA"). The relevant law provides that the Commonwealth had to prove, independent of Appellant's statement, that (1) an individual carried a firearm at any time (2) on the public streets or public property in the City of

Philadelphia.[1] *Commonwealth v. Hopkins*, 747 A.2d 910, 917 (Pa. Super. 2000). If the Commonwealth established both prongs by a preponderance of the evidence, we may find no abuse of discretion in the introduction of Appellant's inculpatory statement at trial.

In addressing this issue, the trial court stated the following:

> In the instant matter, the Commonwealth's independent evidence consisted of Officer Kwiatkowski discovering a gun in the first bedroom under the bed. (N.T. 1/12/15 pp. 19, 24). Moreover, [Appellant] was located in the kitchen area adjacent to the fire escape, moments after a radio call indicated that someone was trying to exit the apartment via the fire escape. (N.T. 1/12/15 pp. 16-17, 21-22). This evidence adequately fulfilled the Commonwealth's burden of demonstrating the *corpus delicti* for Carrying Firearms on Public Streets or Public Property in Philadelphia under § 6108 by a preponderance of the evidence. Therefore, the introduction of [Appellant's] statement into evidence was proper.

Trial Court Opinion, 4/27/15, at 11.

---

[1] The Pennsylvania Crimes Code defines the crime as follows:

> No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless:
>
> (1) such person is licensed to carry a firearm; or
>
> (2) such person is exempt from licensing under section 6106 of this title (relating to firearms not to be carried without a license).

18 Pa.C.S. § 6108. In addition, lack of a license is not an element of this statutory provision. *Commonwealth v. Ford*, 461 A.2d 1281, 1287 (Pa. Super. 1983).

I fail to see how the evidence of a gun under a bed in a bedroom of a private residence and Appellant near a fire escape in the kitchen of a private residence could possibly establish both prongs of the crime charged by a preponderance of the evidence. Even if the Commonwealth established that the gun was under Appellant's bed in Appellant's bedroom, absent Appellant's statement, the Commonwealth did not prove by a preponderance of the evidence that Appellant carried the gun on a public street or property which could satisfy the *corpus delicti* rule. Therefore, I am constrained to conclude that the Commonwealth failed to meet its burden necessary for the admission of Appellant's inculpatory statement regarding the gun.

Accordingly, I respectfully register my dissent.

Judge Mundy has joined the Dissenting Memorandum.